JAMES H. CARR

*v.*

SIMEON K. MINER.

1. TENDER—*whether kept good.* If a defendant after having made a sufficient tender subsequently refuses to pay the money tendered, upon request of the plaintiff, he will not have kept his tender good, and it must fail.

2. SAME—*defence to revivor of judgment.* A plea of tender of the amount due upon a judgment, where the tender has been kept good, presents a bar to a *scire facias* to revive a judgment.

3. PRACTICE—*finding upon facts by Appellate Court conclusive.* It is the right and duty of the Appellate Court to determine whether the evidence warrants the conclusion reached by the circuit court upon a question of fact, and this

court must conclusively presume that the Appellate Court has done its duty in that regard and found the facts correctly.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. LYMAN LACEY, Justices.

This was a proceeding by *scire facias,* brought by appellant to the February term, 1879, of the JoDaviess county circuit court, to revive a judgment rendered in that court on the 25th day of May, A. D. 1864, in favor of appellant, and against appellee, for the sum of $996.75 and costs. At the return term of the writ the defendant pleaded thereto the following pleas:

*First*—Defendant says there is not any record of the supposed recovery in said writ of *scire facias* mentioned, remaining in the circuit court of JoDaviess county, and prays judgment if the plaintiff ought to have execution against him, etc.

*Second*—To-wit, on the 26th day of December, A. D. 1866, defendant was there ready and willing, and tendered and offered to pay to plaintiff the sum of $1151.58, the full amount then due to the plaintiff from the defendant upon the said judgment, to receive which the plaintiff then and there wholly refused, and the defendant avers that he has paid the said sum of money so tendered into court. This the defendant is ready to verify, and prays judgment if plaintiff ought to have execution against him.

*Third*—To-wit, on the 5th day of December, A. D. 1866, he (the defendant) paid to the then clerk of the said circuit court the sum of $88.10, the full amount of costs then due upon or by reason of the said judgment. And on, to-wit, the 26th day of December, 1866, the defendant was then and there ready and willing and tendered and offered to pay to the plaintiff the sum of $1151.58, the full amount then due to the plaintiff from the defendant upon or by reason of said judgment, to receive which the plaintiff wholly refused, and from

thence hitherto the defendant has been ready and still is ready and willing to pay to the plaintiff the sum of money last above mentioned, and the defendant avers that he has paid the said sum of money so tendered into the said circuit court, ready to be paid to the plaintiff, and this the defendant is ready to verify, and prays judgment if the plaintiff ought to have execution against him, etc.

The defendant subsequently withdrew the first plea. To the second and third pleas the plaintiff filed the following replications:

*First replication to second plea*—Plaintiff says that defendant did not, on the 26th day of December, 1866, or at any other time, tender and offer to pay to the plaintiff the full amount due to the plaintiff upon the said judgment, and this the plaintiff prays may be inquired of by the country, etc.

*Second*—The plaintiff says that defendant has not been ready and willing at all times since, to-wit, the 26th day of December, 1866, to pay to plaintiff the full sum of damages and costs due him from defendant upon or by reason of said judgment in the aforesaid writ of *scire facias* mentioned, and this the plaintiff prays may be inquired of by the country, etc.

*Third*—The plaintiff says that defendant did not, on, to-wit, the 26th day of December, 1866, or at any other time, tender and offer to pay to the plaintiff the sum of $1151.58, or any other sum of money, and this the plaintiff prays may be inquired of by the country, etc.

*Fourth*—Plaintiff states that on a day subsequent to the 26th day of December, 1866, on, to-wit, the 3d day of December, 1878, he, the plaintiff, demanded and requested of the defendant to pay over to the said plaintiff the said sum of $1151.58, which the defendant then and there refused to do, and this the plaintiff is ready to verify, wherefore he prays judgment against defendant.

*First replication to third plea*—Plaintiff says that the defendant did not on the 26th day of December, 1866, or at any other time, offer to pay to the plaintiff the full amount due to

the plaintiff, upon the said judgment, and this the plaintiff prays may be inquired of by the country, etc.

*Second*—The plaintiff says that the defendant did not, on, to-wit, the 5th day of December, 1866, or at any other time, pay to the then clerk of this court the full amount of costs due to the plaintiff upon or by reason of the said judgment, and on, to-wit, the 26th day of December, 1866, or at any other time, the defendant did not tender and offer to pay the plaintiff the sum of $1151.58, or any other sum of money, and this the plaintiff prays may be inquired of by the country.

*Third*—The plaintiff says that the defendant has not been ready and willing at all times since, to-wit, the 26th day of December, 1866, to pay to the plaintiff the full amount of damages and costs due him from the defendant upon or by reason of the said judgment, and this the plaintiff prays may be inquired into by the country, etc.

Issues were joined on all these replications except the fourth to the second plea. To it the defendant pleaded the following rejoinder:

The defendant, as to the fourth amended replication to second plea, says that the plaintiff did not demand or request of the defendant that he should pay over to said plaintiff the said sum of $1151.58, and the defendant did not refuse to pay to plaintiff the said sum of money, and of this the defendant puts himself upon the country, etc.

To this rejoinder the similiter was added, and the issues being then made up, the cause, by consent of parties, was submitted to the court without the intervention of a jury. The court found the issues for defendant and entered judgment accordingly. On appeal to the Appellate Court of the Second District this judgment was affirmed, and appellant now brings the record to this court and assigns for error the ruling of the Appellate Court in affirming the judgment of the circuit court.

Mr. JAMES H. CARR, *pro se.*

Messrs. LUKE & JONES, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

It will be perceived, upon an examination of the pleadings in this case, that while seven distinct issues were formed, they presented but two questions of fact:

1st. Did the defendant make and keep good his tender of the amount of the judgment and costs as set forth in his pleas?

2d. Did the defendant, after having made such tender, refuse to pay the amount of the judgment and costs upon a subsequent application by plaintiff?

These two questions, in effect, amount to the same thing, for if the defendant, after having made a tender, subsequently refused to pay the money upon request of plaintiff, then it is very certain he did not keep his tender good as charged in the pleas. So, really, the pleadings, in substance, presented but one question of fact, namely: did the defendant make and keep his tender good as charged in the pleas? And that was, indeed, all that was in the case.

Both the circuit and Appellate courts have answered this question affirmatively, and this court has no power or authority to reverse, modify or change the conclusion reached by them.

It was the right and duty of the Appellate Court to determine whether the evidence warranted the conclusion reached by the circuit court upon this vital question of fact upon which the whole case turned, and we must conclusively presume that the Appellate Court did its duty in that regard, and that the conclusion reached by it is the correct one. Assuming then, as a fact, that after the rendition of the judgment in question appellee tendered the full amount of the judgment and thereafter kept his tender good, as set forth in his pleas, it would have been illegal and unjust to have revived the judgment, and the circuit court, therefore, properly refused to do so, and the Appellate Court committed no error in affirming the judgment.

But even if we were permitted to review the determination of the circuit and Appellate courts upon this question of fact, we are clearly of opinion that the evidence fully sustains the conclusion reached by those courts.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*